# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFERY MAXWELL, | ) | |
|     Plaintiff | ) | C.A. No. 18-48 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| WARDEN KEVIN SUTTER, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

United States Magistrate Judge Susan Paradise Baxter

## I.     INTRODUCTION

### A.     Relevant Procedural and Factual History

On February 14, 2018, Plaintiff Jeffery Maxwell, a former inmate at the Erie County Prison in Erie, Pennsylvania ("ECP"),[1] filed this *pro se* action, ostensibly pursuant to 42 U.S.C. § 1983, against the following Defendants: ECP Warden Kevin Sutter; ECP Deputy Warden Michael Holman; and C.C.C. Director Marcel Mallory. Plaintiff alleges that, on or about December 14, 2017:

> 1) Warden Kevin Sutter – violation of civil, constitutional, and or statutory rights, responsible for officers' actions.
>
> 2) Deputy Warden Michael Holman – violations of civil, constitutional and or statutory rights, threatened me for exhaustion of grievance system.
>
> 3) C.C.C. Director Marcel Mallory – violations of civil, constitutional and or statutory rights by violating consent to release information costing employment as well as faulty urinalysis and forced to sign seals of.

(ECF No. 4, Complaint, at Section IV.1.C). No further allegations are provided.

---

[1] Plaintiff has since been released from incarceration and currently resides in Erie, Pennsylvania.

On February 20, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis*. [ECF No. 2].

### B. Standards of Review

#### 1. Proceedings *in forma pauperis* under 28 U.S.C. § 1915

28 U.S.C. §1915(e)(2), as amended, states in relevant part: "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman, 904 F.2d 192 at 195-96.

#### 2. *Pro Se* Pleadings

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the

facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### C. Discussion

Here, it is apparent that Plaintiff's allegations fail to allege "enough facts to state a claim to relief that is plausible on its face," and are insufficient to "raise a right to relief above a speculative level." <u>Twombly</u>, 550 U.S. at 555-56. Thus, Plaintiff's complaint will be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(1).

An appropriate Order follows.

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   April 16, 2018